IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JUDY MORI, et al.,** | : | |
| | : | **Case No. 2:24-CV-3723** |
| **Plaintiffs,** | : | |
| | : | **Judge Algenon L. Marbley** |
| v. | : | |
| | : | **Magistrate Judge Elizabeth P. Deavers** |
| **KENNETH D. FURRY,** *et al.,* | : | |
| | : | |
| **Defendants.** | : | |

## ORDER

This matter comes before this Court on two motions seeking approval of fee applications: (1) Healthcare Management Partners, LLC's ("HMP" or "Receiver") motion seeking approval of $7,940.00 in compensation for services rendered and costs incurred from August 12, 2024 through August 31, 2024 ("Receiver's Motion"), (ECF No. 24); and (2) Epstein Becker & Green, P.C.'s ("EBG" or "Counsel") motion seeking approval of $2,901.00 in compensation for related services over the same time period ("Counsel's Motion"), (ECF No. 25).

On August 14, 2024, this Court appointed Healthcare Management Partners ("HMP")—through its Director Austin Poff—as a receiver to take over Plaintiff Allure & Wellness Management Services, LLC's ("A&W") operations during the pendency of this civil action ("Receivership Order"). (ECF No. 14).[1] The Receivership Order stated, in relevant part, that "the Receiver's retention of the law firm of Epstein Becker & Green, P.C. ('EBG') to assist and represent the Receiver" is approved, (ECF No. 14 ¶ 16); that the Receiver shall submit "monthly reports concerning the financial results of the operation of [A&W]," (*id.* ¶ 24); and that

---

[1] The background of this action is set forth more fully in this Court's previous decisions. (*See* ECF Nos. 8 & 14).

"applications for payment of the Receiver and Receiver Affiliates' fees and expenses" shall be filed "on the twentieth (20th) day of each calendar month" and "deemed approved" without further court order "[u]nless a party files a written objection to the application within fourteen (14) calendar days of the filing of the application," (*id.* ¶ 32). The Receivership Order also provided that such fees "shall be treated as priority administrative claims against the receivership," "tak[ing] priority over payment of any other claims and for which the Receiver shall have a lien on the assets of [A&W]," (*id.* ¶ 33).

On September 20, 2024, the Receiver filed its motion seeking approval of compensation in the amount of $7,940.00 for services rendered and costs incurred from August 12, 2024 through August 31, 2024. (*See* ECF No. 24). As counsel to the Receiver, EBG also filed a motion seeking approval of compensation for the same time period, in the amount of $2,901.00. *See* ECF No. 25).[2] Under the Receivership Order, objections to the fee applications were due in writing on October 4, 2024. (ECF No. 14 ¶ 32). No objections were filed within that time.

It is therefore **ORDERED** that the Receiver's Motion (ECF No. 24) and Counsel's Motion (ECF No. 25) are hereby **GRANTED**.

It is further **ORDERED** that the Receiver is awarded compensation for the application period from August 12, 2024 through August 31, 2024, in in the total amount of $7,940.00, including (a) compensation in the amount of $7,940.00 for professional services rendered in performing its duties and obligations under the Receivership Order, and (b) reimbursement of

---

[2] Shortly thereafter, the Receiver notified this Court that, as of September 17, 2024, business operations for A&W have ceased and indicated that, pursuant to the Receivership Order, it "plans to file a motion seeking to terminate its responsibilities as Receiver and the Court's supervision of the Company as soon as the Receiver completes a final accounting of its activities." (ECF No. 26, at 3 (citing ECF No. 14 ¶ 36)).

2

actual and necessary out of pocket disbursements and charges in the amount of $0.00 incurred in performing its duties and obligations under the Receivership Order.

It is likewise **ORDERED** that EBG, as counsel to the Receiver, is awarded compensation for the application period from August 12, 2024 through August 31, 2024, in the total amount of $2,901.00, including (a) compensation in the amount of $2,901.00 for professional services rendered in aid of the Receiver; and (b) reimbursement of actual and necessary out of pocket disbursements and charges in the amount of $0.00 incurred in performing its duties and obligations under the Receivership Order.

It is further **ORDERED** that the fees and expenses awarded herein shall be treated as a priority administrative claim against the Receivership Estate.

It is further **ORDERED** that the Receiver is granted authority to pay itself the sum of $7,940.00 and EBG the sum of $2,901.00 from the Receivership Estate without further order of this Court at such times as the Receiver determines, in its discretion, that sufficient funds are available.

It is further **ORDERED** that this Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this order.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY, JUDGE**
**United States District Court**

**DATE:  October 7, 2024**