IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JUDITH MORI**, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **KENNETH D. FURRY-MONGOLD**, *et al.*, <br><br> Defendants. | Case No. 2:24-CV-3723 <br><br> Judge Algenon L. Marbley <br><br> Magistrate Judge Elizabeth Preston Deavers |

**ORDER GRANTING RECEIVER'S MOTION TO APPROVE RECEIVER'S FINAL ACCOUNTING, TO DISCHARGE RECEIVER, AND FOR RELATED RELIEF**

This matter comes before this Court on Receiver Healthcare Management Partners, LLC's Motion to Approve the Receiver's Final Accounting; to Discharge the Receiver; and to Grant Related Relief ("Discharge Motion" or "Motion") (ECF No. 29). On October 18, 2024, the Receiver notified this Court that "counsel for all parties . . . have conferred and affirmed in writing that no party objects to the Receiver's Discharge Motion," that "no party in interest who received notice of the Receiver's Discharge Motion has lodged any informal objection with the Receiver," and that the parties "agree that the Receiver is not necessary for mediation." (ECF No. 30, at 1).

Accordingly, upon consideration of the relevant record,[1] and absent any objections, this Court **GRANTS** the Discharge Motion (ECF No. 29) and **HEREBY FINDS, DETERMINES, AND CONCLUDES THAT**:[2]

1. This Court has jurisdiction over this matter, the Defendants, and over all the property of the receivership estate.

---

[1] The background of this action is set forth more fully in this Court's previous decisions. (*See* ECF Nos. 8, 14, 28).

[2] The findings and conclusions set forth in this order constitute the court's findings of fact and conclusions of law. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

2. Proper, timely, adequate, and sufficient notice of the Discharge Motion has been provided, such notice was sufficient and appropriate under the particular circumstances, and no other or further notice of the Discharge Motion or relief sought in the Discharge Motion is necessary or required.

3. A reasonable opportunity to object or be heard regarding the requested relief in the Discharge Motion and this order has been afforded to all interested parties, including, without limitation, all parties to this action and all persons or entities known to the Receiver to have or potentially have an interest in the assets of the receivership estate.

4. The Receiver has fully and properly administered the receivership estate in good faith and consistent with the duties and obligations set forth in the Receivership Order.

5. No other or further material assets comprising the receivership estate remains to be administered.

6. The Receiver's and Receiver Affiliates' fees and expenses were reasonable and necessary.

7. The Receiver and Receiver Affiliates have acted in good faith and are entitled to a release based on the principles of judicial immunity.

**IT IS FURTHER ORDERED THAT:**

A. The Final Accounting attached as Exhibit B to the Discharge Motion (ECF No. 29-2) including the **$10,000** reserve for the fees and expenses of the Receiver and Receiver Affiliates is **APPROVED**;

B. The Receiver is authorized to make the remaining distributions in the Final Accounting from the receivership estate, and, upon making any remaining disbursements set forth in the Final Accounting, the Receiver shall file a notice of final disbursement (including notice of

actual versus estimated disbursements) at which time the Receiver shall be immediately discharged from any further duties, responsibilities, or obligations under or pursuant to the Receivership Order, applicable law, or otherwise, without further order of the Court;

C. The disbursements made and projected by the Receiver as set forth in the Final Accounting are with prejudice, not subject to disgorgement, claw back or refund of any kind, binding on all creditors and parties in interest, and all creditors and parties in interest are barred from asserting claims against the Receiver, the receivership estate, or any recipients of the distributions set forth in the Final Accounting on account of the distributions set forth in the Final Accounting;

D. Upon the discharge of the Receiver, the receivership estate established pursuant to the Receivership Order shall be terminated, without further order of this Court;

E. Upon the discharge of the Receiver, the receivership estate shall be deemed fully administered and liquidated;

F. Upon the discharge of the Receiver, the Receiver's authority to manage, operate, or control the assets of the receivership estate shall be terminated, without further order of this Court;

G. Upon discharge of the Receiver, the Receiver and Affiliates shall be relieved of any further obligation or duty with respect to the assets of the receivership estate, without further order of this Court;

H. Upon discharge of the Receiver, the Receiver and Receiver Affiliates (including Epstein Becker & Green, P.C.) shall be fully and forever released and discharged from any and all liability for acts taken pursuant to and in good faith compliance with the Receivership Order (ECF No. 14), including, but not limited to, any and all claims, cross-claims, counterclaims, causes,

damages, and actions, of every kind, character, and description, whether direct or indirect, known or unknown, in law or in equity, which any person, entity or party has or will have against the Receiver or any professionals retained by the Receiver or their respective affiliates on account of, arising, or resulting from, or in any manner incidental to, the receiverships established by the Receivership Order (ECF No. 14), the Receiver's actions or inactions in its capacity as receiver, the Receiver Affiliates' actions or inactions in representing the Receiver, the Receiver's possession or use of property of the receivership estate, the administration of the receivership estate, or any other acts or omissions of the Receiver or the Receiver Affiliates;

      I.      Upon discharge of the Receiver, all creditors, investors, and other parties in interest shall be permanently and forever barred, restrained and enjoined from taking any action to impose or seeking to impose liability on the Receiver or Receiver Affiliates (including Epstein Becker & Green, P.C.) without first obtaining relief to do so from the Court and only upon a finding by this Court that the Receiver or Receiver Affiliates acted or failed to act as a result of bad faith or gross negligence or in reckless disregard of the Receiver's or Receiver Affiliates' professional duties;

      J.      Upon discharge of the Receiver, the Receiver may dispose of and destroy all records of the receivership estate in the possession and control of the Receiver or Receiver Affiliates, after the expiration of **two (2) years** from the date of the Receiver's discharge;

      K.      Upon discharge of the Receiver, the Receiver shall turn over control of the Company, including its Books and Records, and accounts to the owner of the Company, Plaintiff Judith Mori;

      L.      Upon the filing of the notice of final disbursement the Clerk of the Court shall refund the $100.00 cash bond of Receiver to the Receiver;

M.     The Receiver shall serve a copy of this order on all parties and interested persons and entities served with the Discharge Motion; **AND,**

N.     The Court shall retain jurisdiction over any and all matters arising out of or relating to this order or its enforcement.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY, JUDGE**
**United States District Court**

**DATE: December 12, 2024**